**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| JEROME THOMPSON,<br>Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL & LABOR SOLUTIONS, L.L.C.,<br>Defendant. | Case No. 3:20-cv-1370<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

**COMES NOW** the Plaintiff, JEROME THOMPSON ("Plaintiff"), by and through the undersigned Counsel, and hereby sues ENVIRONMENTAL & LABOR SOLUTIONS, L.L.C. ("Defendant"), and alleges the following:

1. Plaintiff is an individual resident and citizen of Jacksonville, Duval County, Florida.

2. Defendant is a Florida limited liability company whose principal place of business is in Jacksonville, Duval County, Florida.

3. This Court has jurisdiction over this lawsuit, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

4. The unlawful employment practices alleged in this complaint were committed within the State of Florida in this judicial district and division.

5. Venue is proper in this judicial district and division.

6. Plaintiff timely filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (the "EEOC"). Plaintiff received a notice of his right to

sue from the EEOC on or about September 5, 2020.  A copy of the notice is attached hereto as **Exhibit 1**.

## GENERAL ALLEGATIONS

7. Plaintiff is an African American, black male.

8. Defendant hired the Plaintiff to work as a heavy equipment operator in or around May of 2015.

9. Plaintiff worked for Defendant from May of 2015 until Plaintiff's termination on September 23, 2015.

10. During Plaintiff's employment, Defendant issued Plaintiff period paychecks, and Defendant supervised Plaintiff's work.

11. At the same time, non-party Environmental Restoration LLC ("ERLLC") acted as a joint employer, insofar as ERLLC exercised joint supervisory oversight of Plaintiff and Plaintiff's work.

12. During Plaintiff's employment, between May of 2015 and September 23, 2015, Plaintiff was subjected to pervasive and consistent race-based discrimination by his peers and supervisors alike.

13. For example, Gary Heller, one of Plaintiff's managers, frequently used racially charged language, including but not limited to, "porch monkeys" and "yard apes" to describe citizens in a predominantly African American neighborhood.

14. Plaintiff was directly called a "nigger" and a "big dumb nigger" by Mike Fogg, one of Plainitff's co-workers.

15. Plaintiff promptly reported the race-based discrimination to Gary Heller, who advised that, although Mr. Heller did not like Mr. Fogg calling Plaintiff a nigger, Mr. Heller would fire both the Plaintiff and Mike Fogg if it happened again.

16. No other action was taken at the time by either ERLLC or the Defendant.

17. During Plaintiff's employment with Defendant, Plaintiff had a personal friendship with Julian Cardona, who on information and belief was an owner, principal, and controlling agent of the Defendant.

18. Plaintiff communicated with Mr. Cardona via Mr. Cardona's personal cell phone at times; Mr. Cardona invited Plaintiff to church on occasion; and Plaintiff visited Mr. Cardona in Mr. Cardona's office, which was located within Defendant's office headquarters.

19. On several occasions, Plaintiff shared with Mr. Cardona the details concerning the race discrimination that Plaintiff was suffering. However, Mr. Cardona declined to take any action to remedy this situation. Mr. Cardona knew of the above-described race discrimination that Plaintiff was suffering, and Mr. Cardona ratified it by his refusal to intervene to ensure that such race discrimination would not be tolerated by Plaintiff's co-workers, supervisors, and managers.

20. On September 22, 2015, Mike Fogg again approached the Plaintiff and began repeatedly calling Plaintiff a "dumb nigger" and a "stupid nigger."

21. Plaintiff reported this incident to a supervisor, Scotty Bone, and to the safety manager, Shakur Brooks.

22. Scotty Bone called Plaintiff that same evening and advised that Plaintiff should skip the morning safety meeting, and that Plaintiff would be meeting with Mr. Heller to resolve the situation.

23. The following day, Shakur Brooks and a supervisor advised that Mr. Heller wanted to speak with Plaintiff alone. When Plaintiff arrived at the job site, Plaintiff and Mr. Heller met. During this meeting, Mr. Heller advised Plaintiff that Plaintiff's employment had been terminated.

24. Mr. Heller told Plaintiff that he "was done with" Plaintiff and that the company was "not going to need [Plaintiff] anymore."

25. During Plaintiff's employment, he had never been advised that his work was unacceptable or that there were any issues or concerns related to Plaintiff's job performance and/or attendance.

26. At no time prior to Plaintiff's termination, other than the warnings described herein, was Plaintiff ever issued any verbal or written warnings concerning any issue.

27. On information and belief, Mr. Fogg remained employed by the Defendant.

28. Plaintiff has engaged the undersigned Counsel and agreed to pay a reasonable attorney fee and costs.

## COUNT I: RACE DISCRIMINATION (TITLE VII)

29. Plaintiff realleges paragraphs 1-28 above.

30. This is an action for compensatory damages, punitive damages, attorney fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

31. Defendant is an employer that is subject to Title VII of the Civil Rights Act of 1964, because at all times material, Defendant had more than 15 employees.

32. Plaintiff is a member of a protected class, because he is African American and black.

33. Defendant intentionally harassed and discriminated against Plaintiff on the basis of race.

34. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered loss of past and future wages, loss of his ability to earn income, extreme emotional distress, mental pain and suffering, and loss of capacity for the enjoyment of life. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

a. Compensatory damages, including general and special damages;

b. Punitive damages;

c. Costs of suit;

d. Reasonable attorney fees; and

e. Such other and further relief as this Honorable Court deems just and proper.

## COUNT II: RETALIATION (TITLE VII)

35. Plaintiff realleges paragraphs 1-28 above.

36. This is an action for compensatory damages, punitive damages, attorney fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

37. Plaintiff is a member of a protected class, because he is African American and black.

38. Defendant retaliated against the Plaintiff because he opposed an employment practice that is prohibited by 42 U.S.C. § 2000e, *et seq*.

39. Defendant retaliated against the Plaintiff because Plaintiff engaged in protected activity.

40. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered loss of past and future wages, loss of his ability to earn income, extreme emotional

distress, mental pain and suffering, and loss of capacity for the enjoyment of life. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

a. Compensatory damages;

b. Punitive damages;

c. Costs of suit;

d. Reasonable attorney fees;

e. Trial by jury as to all issues so triable; and

f. Such other and further relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

41. Plaintiff demands a trial by jury on all issues so triable as of right.

Dated December 4, 2020.

**THE BONDERUD LAW FIRM, P.A.**

*/s/ Andrew Bonderud*
Andrew M. Bonderud, Esq.
**TRIAL COUNSEL**
Florida Bar No. 102178
301 W. Bay Street, #1433
Jacksonville, FL 32202
904-438-8082 (telephone)
904-800-1482 (facsimile)
Andrew@Jax.Lawyer
Jesus@Jax.Lawyer
Kinnette@Jax.Lawyer
BonderudLaw@gmail.com
*Counsel for Plaintiff*